450 F.2d 942
 78 L.R.R.M. (BNA) 2542, 66 Lab.Cas. P 12,109
 FARAH MANUFACTURING COMPANY et al., Petitioner-Cross-Respondent,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent-Cross-Petitioner.
EL PASO DISTRICT JOINT BOARD, AMALGAMATED CLOTHING WORKERS
OF AMERICA, AFL-CIO, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 71-1097, 71-1688 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 13, 1971.
 
 Tommy B. Duke, Neil Martin, Houston, Tex., Kenneth R. Carr, El Paso, Tex., for Farah Manufacturing Co.; Fulbright, Crooker & Jaworski, Houston, Tex., of counsel.
 Jacob Sheinkman, New York City, for El Paso District Joint Board, Amalgamated Clothing Workers of America, AFL-CIO; Clifford D. Reznicek, Donald D. Congress, New York City, of counsel.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., C. Woodrow Green, Director, Region 28, N.L.R.B., Albuquerque, N. M., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Thomas E. Silfen, Kenneth Pearlman, Attys., for N.L.R.B.
 Before JOHN R. BROWN, Chief Judge and INGRAHAM and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 There is substantial evidence on the record as a whole to support the Board's conclusion that the company violated Sections 8(a) (1) and (3) of the Act by interrogating and then discharging an employee, and by promulgating and maintaining plant rules prohibiting solicitation, distribution and access to other areas, Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), and it appears that the Board did not improperly apply the standards set forth in N. L. R. B. v. Babcock & Wilcox Co., 351 U.S. 105, 76 S.Ct. 679, 100 L.Ed. 975 (1956), in determining that the company did not violate Section 8(a) (1) of the Act by denying non-employee organizees access to its premises.
 
 
 2
 Enforced.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I